FILED
CLERK, U.S. DISTRICT COURT
JUN 17 2009
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE EXTRADITION OF SERVANDO HURTADO ROSALES, <br><br> A fugitive from the Government of Mexico. | No. CV 09-00415-CJC (VBK) <br><br> ORDER CERTIFYING EXTRADITABILITY OF SERVANDO HURTADO ROSALES |

The Court, on June 10, 2009, having conducted the extradition hearing in this matter, and having reviewed and fully considered all documents and memoranda filed by both the United Mexican States ("Mexico"), and by the United States of America ("Government") by and through their attorney of record, the United States Attorney for the Central District of California, and by counsel for Servando Hurtado Rosales ("Rosales"), the Court concludes that all requirements for the extradition of Rosales to Mexico to face charges set forth in the warrant have been met by the Government.

The Court finds and certifies to the Secretary of State as follows:

1. This Court has jurisdiction to conduct extradition proceedings pursuant to 18 U.S.C. §3184 and Local Rule 1.16 of the Local Rules Governing Duties of Magistrate Judges in

                the United States District Court for the Central District of
                California;
    2.  This Court has jurisdiction over the fugitive Rosales;
    3.  A valid Extradition Treaty ("Treaty") exists between the
        United States and Mexico;
    4.  At all relevant times to the extradition request, the Treaty
        was and is in fully force and effect;
    5.  The formal request for the extradition of Rosales was
        properly presented by Mexico to the United States Embassy in
        Mexico City, Mexico in 2008 and received by the United
        States Department of State in 2008;
    6.  Such transmission included all the required information;
    7.  All documents have been properly certified by the
        appropriate authorities and officials;
    8.  There are now criminal charges pending against Rosales in
        Mexico;[1]

---

[1] Rosales was arrested in the Central District of California on a provisional arrest warrant issued by United States Magistrate Judge Jacqueline Chooljian. The arrest warrant was issued pursuant to a provisional arrest warrant request from Mexico. Mexico subsequently made its formal extradition request, seeking the extradition of Rosales on the crime of homicide. The request was made pursuant to the Treaty between the United States of America and Mexico. The Treaty also lists 31 specified offenses in an appendix. Article 2 of the Treaty states that acts are extraditable if they are (1) on the list and punishable by deprivation of liberty for at least a year, or (2) not on the list but punishable under the federal law of both countries by deprivation of liberty for at least a year. (Article 2(1) & (3).)

The text of the Treaty enumerates homicide as an extraditable offense. The facts of this case which support the Mexican charge of violation of the Federal Law against homicide would also support charges in the United States under federal law as if the conduct had taken place in the territorial jurisdiction of the United States.
(continued...)

9. Such crimes are encompassed by the Treaty;

10. There are outstanding valid warrants of arrest for Rosales issued by Mexican authorities;

11. That the Rosales appearing before this Court is the same Rosales sought by Mexico;

12. There is probable cause to believe that (a) the offenses set forth in the warrant above have been committed, and (b) Rosales is the person who committed the offenses.

Based upon the foregoing, and pursuant to 18 U.S.C. §3184:

"**THIS COURT HEREBY CERTIFIES** that it has found Rosales extraditable to Mexico. A warrant may be issued, upon the requisition of the proper authorities of Mexico, for the surrender of Rosales according to the Treaty.

**IT IS FURTHER ORDERED** that Rosales is committed to the custody of the United States Marshal, to be confined without

---

[1](...continued)
Rosales could, for example, have been charged with murder under 18 U.S.C. §1111, or with manslaughter under 18 U.S.C. §1112. Under federal law, the maximum punishment for murder is life in prison and/or death, and the maximum punishment for manslaughter is 15 years imprisonment (18 U.S.C. §1111(b); §1112(b).) Further, the facts of this case which support the Mexican charge of homicide would also support a charge in the United States under California Penal Code §187, which prohibits the crime of murder. The punishment for first and second degree murder are a minimum of 25 and 15 years' imprisonment, respectively. (California Penal Code §190(a).)
Under 18 U.S.C. §2, anyone who aids or abets the commission of a crime is punishable as a principal. Similarly, California law provides that those who aid and abet in the crime of murder are liable themselves. (California Penal Code §190.2(c).) Under Chapter III, Article 11, of the Criminal Code of the Free and Sovereign State of Durango, "Those who collaborate in the commission of a crime" are liable for the crime. (See Government's filing of Supplemental Formal Extradition Papers.)

bail until the surrender of Rosales to Mexico can be effectuated. 18 U.S.C. §3184.

**IT IS FURTHER ORDERED** that the United States Attorney for the Central District of California shall obtain transcripts of all testimony presented before this Court and shall deliver forth with the transcripts of testimony to the Clerk of the Court. The Clerk of the Court shall forward to the Secretary of State a copy of this Certification and Order together with the transcripts of testimony and copies of documents received as evidence.

Entered this 17th of June, 2009.

_____
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE